# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**RICHARD N. BONDS, on behalf of the Flat Rock Metal and Bar Processing Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,**

**Plaintiff,**

v.

**RICHARD A. HEETER, CAPITAL TRUSTEES, LLC, PETER F. SHIELDS, PAUL J. LANZON II, and JOHN DOES 1-10,**

**Defendants.**

**No 2:23-cv-12045-MAG-DRG
CLASS ACTION**

# PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

Plaintiff Richard N. Bonds ("Plaintiff"), by and through his attorneys, respectfully moves this Court for an order (1) certifying this Action as a Class Action pursuant to Fed. R. Civ. P. 23; (2) appointing Plaintiff's counsel as Class Counsel; and (3) appointing Plaintiff Richard N. Bonds as Class Representative. The undersigned counsel certifies that counsel communicated in writing with counsel, explaining the nature of the relief to be sought by way of this motion and

seeking concurrence in the relief; opposing counsel thereafter expressly denied concurrence.

Plaintiff's Motion is based on the accompanying Memorandum of Law in Support of Motion for Class Certification and Appointment of Class Counsel, the Declaration of Gregory Y. Porter and Exhibits thereto, the Declaration of Richard N. Bonds and Exhibit thereto, and such additional evidence or argument as may be presented.

Dated:     January 31, 2025          Respectfully submitted,

**BAILEY & GLASSER LLP**

*/s/ Gregory Y. Porter*
Gregory Y. Porter (DC Bar No. 458603)
Ryan T. Jenny (DC Bar No. 495863)
1055 Thomas Jefferson Street, NW, Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com
rjenny@baileyglasser.com

Patrick Muench (IL Bar No. 6290298)
318 W. Adams St., Suite 1512
Chicago, IL 60606
Telephone: (312) 500-8680
Facsimile: (304) 342-1110
pmuench@baileyglasser.com

Laura Babiak (WV Bar No. 13581)
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
lbabiak@baileyglasser.com

**VARNUM LLP**

Perrin Rynders (P38221)
Aaron M. Phelps (P64790)
333 Bridge Street NW Suite 1700
Grand Rapids, MI 49504
Telephone: (616) 336-6000
Facsimile: (616) 336-7000
prynders@varnumlaw.com
amphelps@varnumlaw.com

*Attorneys for Plaintiff Richard N. Bonds*

3

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1</u>

Pursuant to Local Rule 7.1 and Judge Goldsmith's Protocols on Filings, the undersigned counsel certifies that counsel communicated in writing with opposing counsel on January 30, 2025, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel stated the motion would be opposed on January 30, 2025.

LOCAL RULE CERTIFICATION: I, Gregory Y. Porter, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of January 2025, a copy of the foregoing

document was served on all counsel of record via ECF.

<u>*/s/ Gregory Y. Porter*</u>
Gregory Y. Porter

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD N. BONDS, on behalf of the Flat Rock Metal and Bar Processing Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,** | **No 2:23-cv-12045-MAG-DRG CLASS ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **RICHARD A. HEETER, CAPITAL TRUSTEES, LLC, PETER F. SHIELDS, PAUL J. LANZON II, and JOHN DOES 1-10,** | |
| **Defendants.** | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

Table of Contents

**I.**    INTRODUCTION .................................................................................1

**II.**   SUMMARY OF FACT AND CLAIMS ...............................................4

**III.**  ARGUMENT .......................................................................................6

   **A.   General Legal Standards** ............................................................6

      1.   *Class Actions Under Fed. R. Civ. P. 23* ...........................6

      2.   *ERISA Claims Are Well-Suited for Class Treatment* ........7

   **B.   The Class Satisfies The Requirement Of Rule 23(a)** ...............9

      1.   *The Class Is So Numerous That Joinder Of All Members Is Impracticable* .....................................................................9

      2.   *The Commonality and Typicality Requirements Of Rule 23(a) Are Satisfied* ……………………………………………….10

      3.   *Plaintiff is an Adequate Class Representative* .................15

   **C.   The Class May Be Maintained Under Rule 23(b)** .................17

      1.   *Rule 23(b)(1)(B)* .............................................................17

      2.   *Rule 23(b)(1)(A)* .............................................................19

   **D.   Plaintiff Is Represented By Qualified And Competent Counsel** ..21

**IV.   Conclusion** ...........................................................................22

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abbott v. Lockheed Martin Corp.*,
  2014 WL 12570094 (S.D. Ill. Aug. 1, 2014) ...................................................9, 16

*In re AEP ERISA Litig.*,
  2009 WL 3854943 (S.D. Ohio Nov. 17, 2009) ....................................................8

*Alday v. Raytheon Co.*,
  619 F. Supp. 2d 726 (D. Ariz. 2008) ...................................................................20

*Allen v. GreatBanc Tr. Co.*,
  835 F.3d 670 (7th Cir. 2016) ...............................................................................22

*In re Am. Med. Sys., Inc.*,
  75 F.3d 1069 (6th Cir. 1996) ...............................................................................13

*Amchem Prods. v. Windsor*,
  521 U.S. 591 (1997) .........................................................................................16, 20

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*,
  568 U.S. 455 (2013) ...............................................................................................6

*In re Amsted Indus., Inc. "ERISA" Litig.*,
  2002 WL 31818964 (N.D. Ill. Dec. 16, 2002) ......................................................9

*Baker v. Comprehensive Emp. Sols.*,
  227 F.R.D. 354 (D. Utah 2005) ...........................................................................20

*Beattie v. CenturyTel, Inc.*,
  511 F.3d 544 (6th Cir. 2007) ...............................................................................16

*Blackwell v. Bankers Tr. Co.*,
  No. 18-cv-141 (S.D. Miss.) ..................................................................................22

*Bowers v. Russell*,
  2025 WL 342077 (D. Mass. Jan. 30, 2025) ..............................................9, 18, 20

*Bredthauer v. Lundstrom*,
  2012 WL 4904422 (D. Neb. Oct. 12, 2012) ........................................................11

*Brieger v. Tellabs, Inc.*,
    245 F.R.D. 345 (N.D. Ill. 2007) ................................................................9, 11, 20

*Brundle v. Wilmington Trust N.A.*,
    241 F. Supp. 3d 610 (E.D. Va. 2017), *aff'd*, 919 F.3d 763 (4th Cir.
    2019) ...................................................................................................................22

*Buus v. WAMU Pension Plan*,
    251 F.R.D. 578 (W.D. Wash. 2008) ...................................................................20

*Casey v. Reliance Tr. Co.*,
    No. 18-cv-00424 (E.D. Tex.) ...............................................................................22

*Chesemore v. Alliance Holdings, Inc.*,
    276 F.R.D. 506 (W.D. Wis. 2011) ......................................................9, 11, 19, 20

*Choate v. Wilmington Tr., N.A.*,
    No. 17-cv-250 (D. Del.) ......................................................................................22

*In re Citigroup Pension Plan ERISA Litig.*,
    241 F.R.D. 172 (S.D.N.Y. 2006) ........................................................................20

*In re CMS Energy ERISA Litig.*,
    225 F.R.D. 539 (E.D. Mich. 2004) ..............................................................*passim*

*Coleman v. General Motors Acceptance Corp.*,
    220 F.R.D. 64 (M.D. Tenn. 2004) ......................................................................21

*Cryer v. Franklin Templeton Resources, Inc.*,
    2017 WL 4023149 (N.D. Cal. July 26, 2017) ......................................................9

*In re Delphi Corp. Secs.*,
    248 F.R.D. 483 (E.D. Mich. 2008) ..............................................................*passim*

*DiFelice v. U.S. Airways, Inc.*,
    235 F.R.D. 70 (E.D. Va. 2006) .............................................................................9

*Douglin v. GreatBanc Trust Co., Inc.*,
    115 F. Supp. 3d 404 (S.D.N.Y. 2015) .......................................................3, 9, 18

*Fink v. Wilmington Tr., N.A.*,
    No. 19-cv-1193 (D. Del.) .....................................................................................22

*Gamache v. Hogue*,
   338 F.R.D. 275 (M.D. Ga. 2021) .......................................................................18

*Gamino v. KPC Healthcare Holdings, Inc.*,
   2021 WL 7081190 (C.D. Cal. Aug. 6, 2021) .....................................................18

*Godfrey v. GreatBanc Tr. Co.*,
   2021 WL 679068 (N.D. Ill. Feb. 21, 2021) ............................................... 3, 9, 22

*Hurtado v. Rainbow Disposal Co.*,
   2019 WL 1771797 (C.D. Cal. Apr. 22, 2019) .........................................3, 13, 15

*Jessop v. Larsen*,
   No. 14-cv-00916 (D. Utah) ...............................................................................22

*Knight v. Lavine*,
   2013 WL 427880 (E.D. Va. Feb. 4, 2013) .........................................................20

*McFarlin v. Word Enters., LLC*,
   2017 WL 4416451 (E.D. Mich. Oct. 5, 2017) ....................................................10

*Neil v. Zell*,
   275 F.R.D. 256 (N.D. Ill. 2012) ................................................................*passim*

*Nistra v. Reliance Tr. Co.*,
   2018 WL 835341 (N.D. Ill. Feb. 13, 2018) .................................................. 18, 22

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999).......................................................................................17, 18

*Perez v. Bruister*,
   823 F.3d 250 (5th Cir. 2016) ...............................................................15, 16, 18

*Rankin v. Rots*,
   220 F.R.D. 511 (E.D. Mich. 2004) ............................................................*passim*

*Rogers v. Baxter Int'l, Inc.*,
   2006 WL 794734 (N.D. Ill. Mar. 22, 2006) ........................................................9

*Rouse v. Washington*,
   2021 WL 2434196 (E.D. Mich. June 15, 2021) ...........................................10, 11

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010).................................................................................7

*Smith v. AON Corp.*,
    238 F.R.D. 609 (N.D. Ill. 2006)....................................................9, 20

*Summers v. UAL Corp. ESOP Comm.*,
    2005 WL 1323262 (N.D. Ill. Feb. 17, 2005)........................................9

*Swain v. Wilmington Tr., N.A.*,
    No. 17-071 (D. Del.)..........................................................................22

*Titus v. Burns & McDonnell, Inc. Employee Stock Ownership Plan*,
    2010 WL 3713666 (W.D. Mo. Sept. 13, 2010)...................................13

*Tullis v. UMB Bank, N.A.*,
    515 F.3d 673 (6th Cir. 2008) ...............................................................8

*Versen v. City of Detroit*,
    2023 WL 5042169 (E.D. Mich. Aug. 8, 2023) (Goldsmith, J.) ..........6, 7, 10, 11

*Viking River Cruises, Inc. v. Moriana*,
    596 U.S. 639 (2022).............................................................................8

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)...........................................................................14

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
    722 F.3d 838 (6th Cir. 2013) ...............................................................6

*In re Williams Companies ERIS Litig.*,
    231 F.R.D. 416 (N.D. Okla. 2005) .....................................................20

*Willis v. Big Lots, Inc.*,
    242 F. Supp. 3d 634 (S.D. Ohio 2017) ...............................................14

*Young v. Nationwide Mut. Ins. Co.*,
    693 F.3d 532 (6th Cir. 2012) .......................................................10, 16

*In re YRC Worldwide, Inc. ERISA Litig.*,
    2011 WL 1303367 (D. Kan. Apr. 6, 2011)............................................7

**Statutes**

Employee Retirement Income Security Act .......................................................*passim*

ERISA § 3(7), 29 U.S.C. § 1002(7)....................................................................4

ERISA § 406(a), 29 U.S.C. § 1106(a) ................................................................5

ERISA § 409(a), 29 U.S.C. § 1109(a) .........................................................3, 8, 14

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) .....................................................*passim*

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) .........................................................5

**Federal Rules**

Rule 23 ..............................................................................................*passim*

## I.   INTRODUCTION

Plaintiff Richard N. Bonds moves for an order certifying this case as a class action pursuant to Fed. R. Civ. P. 23. The proposed Class is: "All vested participants in the Flat Rock Metal and Bar Processing Employee Stock Ownership Plan and the beneficiaries of such participants as of the date of the November 24, 2020 ESOP Transaction or any time thereafter." Excluded from the Class are the shareholders who sold their SAC Ventures, Inc. ("SAC") stock to the Plan, directly or indirectly, and their immediate families; the directors and officers of SAC, Flat Rock Metal, Inc., Bar Processing Corporation, Steel Dimensions, Inc., and Custom Coating Technologies, Inc., and their immediate families; and legal representatives, successors, and assigns of any such excluded persons.

Plaintiff is a participant in the Flat Rock Metal and Bar Processing Employee Stock Ownership Plan (the "Plan"). He sues on behalf of the Plan, as well as the proposed class of participants and beneficiaries. He alleges Richard A. Heeter and his company Capital Trustees, LLC ("CapTrustees" and together with Heeter, "the Trustee") caused the Plan to engage in transactions prohibited by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and breached its fiduciary obligations to the Plan. Plaintiff also alleges Peter F. Shields and Paul J. Lanzon II (together, "Selling Shareholders") are liable for their knowing participation as selling shareholders in the prohibited stock transaction and the

1

Trustee's breaches of fiduciary duty,[1] and as co-fiduciaries who enabled, participated knowingly in, and knew of but did not take reasonable efforts to remedy, the Trustee's fiduciary breaches.

Plaintiff's claims are tailor-made for class certification. Rule 23(a) is easily met as to all claims because the class consists of more than 400 members;[2] the questions of fact and law surrounding the Trustee's conduct are the same for all Class members; the questions of fact and law surrounding the Selling Shareholders' conduct and knowledge are also the same for all Class members; Plaintiff's claims are typical of the Class; and Plaintiff and his counsel will adequately represent the Class. The Plan was established for the common benefit of all its participants and its assets are held in a common trust. All participants in the Plan hold the same investment—SAC Ventures, Inc. ("SAC") stock—in their individual Plan accounts. The Trustee and the Selling Shareholders owed all participants the same duties under ERISA. As detailed in the Complaint (ECF No. 1) and further described below, the Trustee and the Selling Shareholders violated ERISA as to all Class members or to none, and all Class members suffered the same injuries as a result. Because these claims are brought on behalf of the Plan for relief to the Plan, any recovery and relief

---

[1] Based on information produced to him in discovery, Plaintiff will seek leave to amend the complaint to clarify the selling shareholder allegations and add as defendants certain Shields/Lanzon family trusts and/or trustees.

[2] 2023 Form 5500 Annual Return/Report of Employee Benefit Plan at Part II, Line 6f ("2023 Form 5500"), Ex. 1-2.

belongs to the Plan, and all participants and beneficiaries have the same rights under the Plan's provisions and the statute to a proportional share of any recovery to the Plan made under ERISA's remedial provisions, Sections 409(a) and 502(a)(2) (29 U.S.C. §§ 1109(a), 1132(a)(2)).

Courts across the country regularly certify similar class actions alleging breaches of ERISA because such actions are "typical" and "paradigmatic" examples of cases appropriate for certification. *See*, *e.g.*, *In re CMS Energy ERISA Litig.*, 225 F.R.D. 539, 543 (E.D. Mich. 2004) (noting "courts have repeatedly certified actions brought under ERISA § 502(a)(2) as class actions"); *Hurtado v. Rainbow Disposal Co.*, 2019 WL 1771797, at *11 (C.D. Cal. Apr. 22, 2019) (certifying a class involving similar allegations to the current action); *Douglin v. GreatBanc Trust Co., Inc.*, 115 F. Supp. 3d 404, 412 (S.D.N.Y. 2015) (ERISA breach of fiduciary action presented "paradigmatic" example of 23(b)(1) class); *Neil v. Zell*, 275 F.R.D. 256, 267–268 (N.D. Ill. 2012) (claims for relief to ESOP were "paradigmatic" for 23(b)(1) class); *Godfrey v. GreatBanc Tr. Co.*, 2021 WL 679068, at *5-7 (N.D. Ill. Feb. 21, 2021). The Class satisfies all the requirements of Fed. R. Civ. P. 23(a) and 23(b)(1), and for the reasons stated below, this Court should appoint Bailey & Glasser LLP and Varnum LLP as class counsel.

## II.   SUMMARY OF FACT AND CLAIMS

Plaintiff is a participant, as defined by ERISA, who vested in his benefit. *See* Complaint ("Compl.") (ECF No. 1) ¶¶ 2, 13; ERISA § 3(7), 29 U.S.C. § 1002(7); Ex. 2, Declaration of Richard Bonds ("Bonds Decl.") ¶ 2, and Ex. 2-1 to Bonds Decl. (2021 Plan account statement). The Plan is sponsored by SAC. *See* Compl. ¶¶ 35, 38; Selling Shareholders' Answer ("Sellers Answer") (ECF No. 32) ¶¶ 35, 38; 2023 Form 5500 at Part II, Line 2a. SAC established the Plan effective January 1, 2020. *See* Compl. ¶ 30; Sellers Answer ¶ 30. SAC's Board of Directors appointed the Trustee as trustee for the Plan. *See* Compl. ¶ 47; Sellers Answer ¶ 47; Flat Rock Metal and Bar Processing Employee Stock Ownership Trust Agreement ("Trust") dated effective as of January 1, 2020, Ex. 1-3 to Ex. 1, Declaration of Gregory Y. Porter ("Porter Decl."). As trustee, the Trustee had the exclusive duty to ensure that any transactions between the Plan and the Selling Shareholders and between the Plan and SAC—including loans to the Plan and acquisitions of stock by the Plan—were fair and reasonable, as well as the duty to ensure that the Plan paid no more than fair market value. *See* Compl. ¶ 51.

On November 24, 2020, the Trustee caused the Plan to purchase 100% of the issued and outstanding shares of SAC common stock for $60,344,950 from party in interest Selling Shareholders. *See* Compl. ¶ 52; Sellers Answer ¶ 52; Trustees' Answer (ECF No. 30) ¶ 52; 2023 Form 5500 at Notes to Financial Statements Note

5. To finance the purchase transaction, the Trustee caused the Plan to enter into a loan with SAC that included a 30-year term note that bore interest at 1.17% (the purchase and loan transactions together, the "ESOP Transaction" or "Transaction"). *See* Compl. ¶¶ 5, 53; Trustees' Answer ¶ 53; 2023 Form 5500 at Notes to Financial Statements Note 5.

Plaintiff alleges the Trustee caused the Plan to engage in transactions prohibited by ERISA § 406(a), 29 U.S.C. § 1106(a), by acquiring SAC stock and taking loans from parties in interest. Compl. ¶¶ 6, 81–82. Plaintiff also alleges the Trustee breached its fiduciary duties by failing to undertake an appropriate and independent investigation of the fair market value of SAC stock and causing the Plan to overpay when it purchased the stock in the Transaction. Compl. ¶¶ 70, 91.

Plaintiff alleges that the Selling Shareholders are liable under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), for restitution or disgorgement of ill-gotten gains they received in the ESOP Transaction because they knowingly participated in the Trustee's violations of ERISA. Compl. ¶¶ 97–106. Plaintiff also alleges that the Selling Shareholders are liable as co-fiduciaries for the Plan's losses resulting from the Trustee's fiduciary breaches. Compl. ¶ 114. Plaintiff seeks to recover losses caused to the Plan by the Defendants' violations of ERISA, prejudgment and post-judgment interest, and other relief. Compl. Prayer for Relief.

## III.   ARGUMENT

### A.   General Legal Standards

#### 1.   *Class Actions Under Fed. R. Civ. P. 23*

In determining the propriety of a class action, the Court does not inquire whether the plaintiff will ultimately succeed on the merits; rather, the Court scrutinizes whether the requirements of Rule 23 are satisfied. *Versen v. City of Detroit*, 2023 WL 5042169, at *2 (E.D. Mich. Aug. 8, 2023) (Goldsmith, J.) (*citing Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)). "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). This Circuit has emphasized that "district courts may not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 851–52 (6th Cir. 2013) (citation omitted); *see also Amgen*, 568 U.S. at 466 ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage."). "[W]hen in doubt as to whether to certify a class action, the district court should err in favor of allowing a class." *Rankin v. Rots*, 220 F.R.D. 511, 517 (E.D. Mich. 2004) (citation omitted).

6

To obtain class certification, a plaintiff must show that four requirements are met:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*Versen*, 2023 WL 5042169, at *2 (*quoting In re Whirlpool Corp*, 722 F.3d at 850; Fed. R. Civ. P. 23(a)). If these prerequisites under Rule 23(a) are met, "the proposed class must also meet at least one of the three requirements listed in Rule 23(b)." *Id*. "By its terms, [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). Therefore, "Rule 23 unambiguously authorizes *any* plaintiff, in *any* federal civil proceeding, to maintain a class action if the Rule's prerequisites are met." *Id.* at 406.

### 2.    *ERISA Claims Are Well-Suited for Class Treatment*

Courts recognize that ERISA litigation is generally well-suited for class treatment. *See In re YRC Worldwide, Inc. ERISA Litig.*, 2011 WL 1303367, at *9 (D. Kan. Apr. 6, 2011) ("[T]he vast majority of courts faced with [ERISA claims against fiduciaries] conclude that [class] certification is appropriate"). "Courts have repeatedly certified actions brought under ERISA § 502(a)(2) as class actions." *In re CMS Energy ERISA Litig.*, 225 F.R.D. 539, 543 (E.D. Mich. 2004) (collecting

7

cases). To be sure, as the Sixth Circuit has held, certification of a class of plan participants is not required for Plaintiff to bring this representative action on behalf of the Plan for relief to the Plan as a whole under ERISA §§ 409(a) and 502(a)(2). *See Tullis v. UMB Bank, N.A.*, 515 F.3d 673, 679–80 (6th Cir. 2008) (rejecting decision requiring plaintiffs to obtain class certification to seek plan losses); *In re AEP ERISA Litig.*, 2009 WL 3854943, at *1 (S.D. Ohio Nov. 17, 2009) ("Because [Plaintiff] has been proceeding in a representative capacity from the time he filed a class action lawsuit against Defendant … , and because there is no requirement that a plaintiff acting in a representative capacity meet the procedural requirements of Federal Rule of Civil Procedure 23 in order to bring an ERISA § 502(a)(2) claim, the Court finds that [Plaintiff] is entitled to maintain his claim as an individual acting in a representative capacity, despite the denial of class certification."); *see also Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 655, 657 (2022) (holding, "Non-class representative actions in which a single agent litigates on behalf of a single principal are part of the basic architecture of much of substantive law," and the nature of a such a suit "obviates the need to consider adequacy of representation, numerosity, commonality, or typicality"). However, because Plaintiff seeks to represent not only the Plan but a class of participants and beneficiaries, and the Rule 23 requirements are met, certification is appropriate.

A multitude of courts have certified classes alleging claims under ERISA § 502(a)(2). *See Bowers v. Russell*, 2025 WL 342077, at *8 (D. Mass. Jan. 30, 2025); *In re CMS*, 225 F.R.D. at 546; *In re Delphi Corp. Secs.*, 248 F.R.D. 483, 495 (E.D. Mich. 2008); *Neil*, 275 F.R.D. at 259; *Chesemore v. Alliance Holdings, Inc.*, 276 F.R.D. 506 (W.D. Wis. 2011) (certification under 23(b)(1)(A) & (B), (b)(2)); *Godfrey*, 2021 WL 679068; *DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70, 80 (E.D. Va. 2006) ("given the derivative nature of suits brought pursuant to § 502(a)(2) on behalf of the Plan, ERISA litigation of this nature presents a paradigmatic example of a (b)(1) class").[3] Class certification is also appropriate here.

## B. The Class Satisfies The Requirement Of Rule 23(a)

### 1. *The Class Is So Numerous That Joinder Of All Members Is Impracticable*

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Courts within the Sixth Circuit have stated that the

---

[3] *See also, e.g., Abbott v. Lockheed Martin Corp.*, 2014 WL 12570094, at *1-3 (S.D. Ill. Aug. 1, 2014) (class certification granted under Rule 23(b)(1)(A) and (B)); *Brieger v. Tellabs, Inc.*, 245 F.R.D. 345 (N.D. Ill. 2007) (certification granted under Rule 23(b)(1)); *Rogers v. Baxter Int'l, Inc*., 2006 WL 794734 (N.D. Ill. Mar. 22, 2006) (certification under Rules 23(b)(1)(A), (B)); *Smith v. AON Corp*., 238 F.R.D. 609 (N.D. Ill. 2006) (certification under Rules 23(b)(1)(A), (B)); *Summers v. UAL Corp. ESOP Comm.*, 2005 WL 1323262 (N.D. Ill. Feb. 17, 2005) (certification under Rules 23(b)(1)(A), (b)(1)(B), (b)(3)); *In re Amsted Indus., Inc. "ERISA" Litig.*, 2002 WL 31818964 (N.D. Ill. Dec. 16, 2002) (certification under Rule 23(b)(1)(A)); *Cryer v. Franklin Templeton Resources, Inc.*, 2017 WL 4023149 (N.D. Cal. July 26, 2017) (certification under Rule 23(b)(1)); *Douglin*, 115 F. Supp. 3d at 411–414 (certification under Rules 23(b)(1)(A), (b)(1)(B), and (b)(2)).

numerosity requirement is fulfilled when the number of class members exceeds forty. *Versen*, 2023 WL 5042169, at *2; *Rouse v. Washington*, 2021 WL 2434196, at *13 (E.D. Mich. June 15, 2021); *McFarlin v. Word Enters., LLC*, 2017 WL 4416451, at *1 (E.D. Mich. Oct. 5, 2017) (noting that "a class is not required to have several hundred members in order for this Court to find numerosity based on numbers alone" and that the Sixth Circuit "has certified a class with as few as thirty-five people"). Here, the Class far exceeds 40 members as there were 428 participants in the Plan as of December 31, 2023. *See* Ex. 1-2 to the Porter Decl., 2023 Form 5500 at Part II, Line 6f. The numerosity requirement is satisfied.

### 2. The Commonality and Typicality Requirements Of Rule 23(a) Are Satisfied

Rule 23(a)(2) requires that "there [be] questions of law or fact common to the class," and Rule 23(a)(3) demands that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "Commonality and typicality tend to merge' because both of them 'serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542 (6th Cir. 2012) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Commonality requires that plaintiff "demonstrate the class members 'have suffered the same

injury.'" *Rouse*, 2021 WL 2434196, at *14 (quoting *Dukes*, 564 U.S. at 350). Similarly, "a necessary consequence of the typicality requirement is that the representative's interests will be aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members." *Versen*, 2023 WL 5042169, at *3 (quoting *Young*, 693 F.3d at 542).

Commonality requirements in ERISA cases are typically satisfied because a class of participants in the same benefit plan may assert identical legal claims arising from the same common nucleus of operative facts, without factual variations between class members. *See Rankin*, 220 F.R.D. at 518, 520 (finding commonality and typicality where suit on behalf of the plan for breach of fiduciary duty would require damages flow to the plan and in turn, to class members); *In re Delphi*, 248 F.R.D. at 494; *In re CMS*, 225 F.R.D. at 544; *Neil*, 275 F.R.D. at 260-61; *Chesemore*, 276 F.R.D. at 510; *Brieger*, 245 F.R.D. at 349-50; *see also Bredthauer v. Lundstrom*, 2012 WL 4904422, at *2 (D. Neb. Oct. 12, 2012) ("the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries").

This case is based on a single stock purchase transaction and involves multiple common questions of law and fact. Common questions include:

- Whether Defendants Heeter and CapTrustees served as trustee in the Plan's acquisition of SAC stock;

- Whether the Trustee was an ERISA fiduciary of the Plan;

- Whether the Trustee caused the Plan to engage in prohibited transactions under ERISA by permitting the Plan to purchase SAC stock and take a loan from parties in interest;

- Whether the Trustee engaged in good faith valuations of SAC stock in connection with the ESOP Transaction;

- Whether the Trustee caused the Plan to pay more than fair market value for SAC stock;

- Whether the Trustee breached its fiduciary duty to undertake an appropriate and independent investigation of the fair market value of SAC stock on or about November 2020;

- Whether SAC was a party in interest and gave a loan to the Plan;

- Whether Selling Shareholders were parties in interest;

- Whether Selling Shareholders knowingly participated in the prohibited stock transaction and breaches of fiduciary duty;

- Whether Defendants Peter F. Shields and Paul J. Lanzon II were fiduciaries;

- Whether Defendants Peter F. Shields and Paul J. Lanzon II are liable as co-fiduciaries for the fiduciary breaches by the Trustee;

- The amount of losses suffered by the Plan and its participants as a result of the Trustee's ERISA violations; and

- The appropriate relief for Defendants' violations of ERISA.

Proof on each of these issues will necessarily be proof for the entire class because the proof goes to the Trustee's fiduciary obligations to the Plan and to

prohibited transactions involving the Plan, not to individual class members. Put simply, commonality is evident because "Plaintiffs' claims do not focus on injuries caused to each individual [ESOP Participant], but rather on how the Defendants' conduct affected the pool of assets that make up the [ESOP]." *Hurtado*, 2019 WL 1771797, at *7 (quoting *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 109 (N.D. Cal. 2008)). The commonality requirement is met.

"The typicality requirement is met if the plaintiff's claim arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Rankin*, 220 F.R.D. at 518 (citing *Little Caesar Enterprises, Inc. v. Smith*, 172 F.R.D. 236, 242–43 (E.D. Mich. 1997). Typicality thus focuses on the defendants' actions. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) ("Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory."); *In re Delphi*, 248 F.R.D. at 494; *see also Titus v. Burns & McDonnell, Inc. Employee Stock Ownership Plan*, 2010 WL 3713666, at *2 (W.D. Mo. Sept. 13, 2010) (finding typicality where the "legal questions raised by Plaintiff, which are typical to all potential class members' claims, turn on whether or not Defendants' conduct violated ERISA and whether this conduct damaged the class"). "The class representative's claims need not be factually identical to the class

13

members' claims in order to satisfy the typicality requirement, which is liberally construed." *Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634, 645 (S.D. Ohio 2017) (citing *Senter v. General Motors Corp.*, 532 F.2d 511, 525 n.31 (6th Cir. 1976)). The commonality and typicality requirements tend to merge because "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes*, 564 U.S. at 349 n.5 (internal quotations omitted).

As noted above, this action is brought pursuant to ERISA § 502(a)(2) "on behalf of the plan," and any recovery of losses must be paid to the plan pursuant to ERISA § 409(a). 29 U.S.C. §§ 1109(a), 1132(a)(2). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members." *In re Delphi*, 248 F.R.D. at 494.

Courts generally find that ERISA cases arising under Section 502(a)(2) meet the typicality requirement because the action is brought on behalf of the plan, not the individual participants, so that plaintiffs' claims, of necessity, are typical of the claims of the members of the proposed class. *See Rankin*, 220 F.R.D. at 520; *In re Delphi*, 248 F.R.D. at 494. Here, Plaintiff's ERISA claims are brought on behalf of the Plan against the Trustee and Selling Shareholders for, *inter alia*, any losses

14

attributable to their breaches of ERISA. The violations of ERISA challenged by Plaintiff affect him and the class members in precisely the same fashion. All class members suffered injury because the Plan paid more than fair market value for SAC stock in the ESOP Transaction. All losses arising from the Trustee's fiduciary breaches and prohibited transactions flowed to class members in proportion to the number of shares of SAC stock allocated to their respective accounts. *See Perez v. Bruister*, 823 F.3d 250, 258 (5th Cir. 2016). Because of the harm common to all Plan participants stated in Plaintiff's well-pleaded allegations, Defendants cannot "distinguish Plaintiffs' circumstances from other ESOP Participants and beneficiaries." *Hurtado*, 2019 WL 1771797, at *8 (typicality established because allegations focus on the conduct of defendants as to the ESOP as a whole and not on conduct specific to any particular plaintiff). Moreover, the remedies pursued by Plaintiff for the Plan—including recovery of losses to its trust and other relief— benefit the Plan and ultimately will benefit all class members in a like manner. Thus, as the claims of all class members stem from a single event and are based on the same legal or remedial theory on behalf of the Plan, Plaintiff's claims are not merely "typical," but identical to other class members' claims.

### 3.   *Plaintiff is an Adequate Class Representative*

Rule 23(a)(4) requires that plaintiffs "fairly and adequately protect the interests of the class," meaning that a plaintiff must have the same interests and

suffer the same injury as the class. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 625–26 (1997). To satisfy the adequacy requirement under Rule 23(a)(4), a plaintiff must (i) "have common interests with unnamed members of the class" and (ii) show that he "will vigorously prosecute the interests of the class through qualified counsel." *Young*, 693 F.3d at 543. In an ERISA action such as this, the proposed class representative and the class members share the same interests because each class member is bringing suit on the plan's behalf to recover plan losses caused by the defendant's alleged breaches of the statute. *See Rankin*, 220 F.R.D. at 520; *In re CMS*, 225 F.R.D. at 544–45; *In re Delphi*, 248 F.R.D. at 494; *see also Lively*, 2007 WL 685861, at *13; *Abbott*, 725 F.3d at 813-14; *Bruister*, 823 F.3d at 258.

First, there is no evidence of conflict between Plaintiff and the interests of the Class. In the Sixth Circuit, the "adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent.  A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Beattie v. CenturyTel, Inc.*, 511 F.3d 544, 562 (6th Cir. 2007). Defendants can present the Court with no evidence of a conflict. The class representative and the proposed Class have the same interests and suffered the same injuries.

Second, Plaintiff has demonstrated he will vigorously prosecute his claims; he is committed to the lawsuit; and he understands his role as class representative.

16

Plaintiff has provided factual information and documents to counsel, with whom he is in regular contact, has responded to discovery requests and reviewed filings with the Court, and is scheduled to sit for a deposition on February 11, 2025. *See* Bonds Decl. ¶¶ 6–7. He is committed to advancing the Class members' rights in this lawsuit, believes he can fairly and adequately represent the interests of the Class members, and has no known interests adverse to or in conflict with those of the other Class members. *See id.* ¶¶ 8–9.

Third, as discussed in Section D, *infra*, Plaintiff's counsel is more than adequate.

### C.    The Class May Be Maintained Under Rule 23(b)

In addition to Rule 23(a), a case must satisfy one of the three alternative requirements of Rule 23(b). This action meets the requirements of Rules 23(b)(1).

#### 1.    *Rule 23(b)(1)(B)*

A Rule 23(b)(1)(B) class action may be maintained where "prosecuting separate actions by . . . individual class members would create a risk of . . . adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(B); *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 834 (1999) (23(b)(1)(B) applies where "the shared character of

17

rights claimed or relief awarded entails that any individual adjudication by a class member disposes of, or substantially affects, the interests of absent class members"). In private company ESOP cases where the participants' accounts in the ESOP's trust hold the employer stock for which the ESOP overpaid, the participants are injured along with their ESOP such that their losses are "coterminous" with their plans' losses. *See Perez v. Bruister*, 823 F.3d 250, 258 (5th Cir. 2016). It is well-established, in Supreme Court and ERISA case law, that 23(b)(1)(B)'s impairment concern is raised in lawsuits like this one that seek losses to a trust in which non-party beneficiaries have an interest.[4] For this reason, the Court should certify the class.

This action for plan-wide relief, encompassing the losses to every class member's Plan account, falls within 23(b)(1)(B) as there is great risk that separate actions by the class members would be dispositive of the interests of the other non-

---

[4] *See Ortiz*, 527 U.S. at 834 (recognizing risk of impairment in "actions charging 'a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class' of beneficiaries, requiring an accounting or similar procedure 'to restore the subject of the trust'") (quoting Advisory Committee's Notes on Fed. Rule Civ. Proc. 23, 28 U.S.C.App., p. 696); *Nistra v. Reliance Tr. Co.*, 2018 WL 835341, at *3 (N.D. Ill. Feb. 13, 2018) (following *Ortiz*, holding "Because this is a representative action on behalf of the Plan, resolution of the case will affect the interests of all Plan beneficiaries. The proposed class therefore satisfies Rule 23(b)(1)(B)"); *Bowers*, 2025 WL 342077, at *8; *Gamache v. Hogue*, 338 F.R.D. 275, 292 (M.D. Ga. 2021); *Gamino v. KPC Healthcare Holdings, Inc.*, 2021 WL 7081190, at *6 (C.D. Cal. Aug. 6, 2021); *Douglin*, 115 F. Supp. 3d at 412 (citing *Ortiz* and approving 23(b)(1)(B) class in ESOP case).

party members or would substantially impair or impede their ability to protect their interests. The central issue is whether the Trustee caused losses to the Plan (or more specifically, its trust) in breach of its ERISA duties when it caused the Plan to purchase SAC stock above fair market value. A judgment that the Trustee caused the Plan to overpay for the stock in violation of ERISA would apply equally to the individual claims of all class members allocated that stock and holding beneficial interests in the Plan's trust. Conversely, if Plaintiff were to lose on the merits, the Trustee would certainly make *res judicata* and collateral estoppel arguments against any other participant who sought to hold it accountable for the wrongs at issue here. Further, any money recovered will be paid to the Plan's trust for all its losses, meaning that resolution of these issues will affect *all* participants allocated Plan stock after the Transaction, who are entitled to a proportional share of the recovery based on their individual allocations. *See Rankin*, 220 F.R.D. at 520–23; *Chesemore*, 276 F.R.D. at 517; *see also Neil*, 275 F.R.D. at 268. Because the risks identified by the Rule are present, a 23(b)(1)(B) class should be certified.

2. *Rule 23(b)(1)(A)*

Under Rule 23(b)(1)(A) a class action may be maintained where "prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class."

19

Fed. R. Civ. P. 23(b)(1)(A). Rule 23(b)(1)(A) "takes in cases where the party is obliged by law to treat the members of the class alike . . . , or where the party must treat all alike as a matter of practical necessity." *Amchem*, 521 U.S. at 614 (citations omitted). "ERISA requires plan administrators to treat all similarly situated participants in a consistent manner." *Alday v. Raytheon Co.*, 619 F. Supp. 2d 726, 736 (D. Ariz. 2008) (citing cases). For this reason, courts inside and outside this Circuit have certified cases involving violations of ERISA under Rule 23(b)(1)(A).[5]

The risk of inconsistent adjudications is similarly apparent in this case. For example, the central issue in this case is whether the Plan acquired SAC stock at an appropriate valuation and pursuant to a good faith investigation. Separate lawsuits over these issues could result in different outcomes. Inconsistent adjudications on the fair market value of SAC stock at the time of the ESOP Transaction obtained by similarly situated participants would make it impossible for Plan fiduciaries to treat similarly situated participants alike with consistent distributions from the Plan. Accordingly, certification under Rule 23(b)(1)(A) is appropriate.

---

[5] *See Bowers*, 2025 WL 342077, at *8; *Rankin,* 220 F.R.D. at 523; *In re CMS*, 225 F.R.D. at 546; *Neil*, 275 F.R.D. at 267-68; *Chesemore*, 276 F.R.D. at 517; *Brieger*, 245 F.R.D. at 357; *Knight v. Lavine*, 2013 WL 427880, at *4 (E.D. Va. Feb. 4, 2013); *Baker v. Comprehensive Emp. Sols.*, 227 F.R.D. 354, 359 (D. Utah 2005); *In re Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172, 180 (S.D.N.Y. 2006); *Smith*, 238 F.R.D. at 617-18; *Buus v. WAMU Pension Plan*, 251 F.R.D. 578, 588 (W.D. Wash. 2008); *In re Williams Companies ERIS Litig.*, 231 F.R.D. 416, 425 (N.D. Okla. 2005).

**D.    Plaintiff Is Represented By Qualified And Competent Counsel**

Rule 23(g) requires the appointment of adequate class counsel. The adequacy of counsel depends on whether a plaintiff's proposed counsel will "represent the best interests of the class." *Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004). In making this determination, courts examine counsel's work on the lawsuit, experience in handling class and complex actions, knowledge of the applicable law, and resources to devote to the action. *See* Fed. R. Civ. P. 23(g)(1)(A). As shown in the accompanying biography and related materials of lead counsel Gregory Y. Porter, and his law firm Bailey & Glasser LLP, these considerations weigh in favor of Plaintiff's proposed class counsel. Porter Decl., Ex. 1-1.

Proposed class counsel have diligently prosecuted this action, including but not limited to investigating and preparing the Complaint; meeting and conferring with defense counsel; successfully defending against Defendants' Motions to Dismiss; propounding and responding to discovery requests from Defendants and issuing document subpoenas to four non-parties; reviewing documents produced to date in discovery; and preparing the instant motion for certification of a class. Porter Decl. ¶¶ 6–7. Mr. Porter and his fellow counsel of record Ryan Jenny, Patrick Muench, and Laura Babiak will fairly and adequately represent the Class's interests. They are experienced in successfully handling ERISA class actions and have

litigated many class actions involving employer stock plans and investments. *See* Porter Decl. ¶¶ 9–14 & Ex. 1-1 thereto. They have served or are serving as lead counsel or co-lead counsel for classes in numerous cases alleging violations of ERISA by ESOP fiduciaries, including:

- Setting pleading standards for private company ESOP litigation. *Allen v. GreatBanc Tr. Co.*, 835 F.3d 670 (7th Cir. 2016);

- Obtaining a nearly $30 million judgment for an ESOP at trial and defending the judgment on appeal, which established standards for ESOP fiduciaries. *Brundle v. Wilmington Trust N.A.*, 241 F. Supp. 3d 610 (E.D. Va. 2017), *aff'd*, 919 F.3d 763 (4th Cir. 2019);

- Obtaining a $13.36 million settlement after week of trial. *Nistra v. Reliance Trust Co.*, No. 16 C 4773 (N.D. Ill.); and

- Settling several ESOP disputes before trial: *Jessop v. Larsen*, No. 14-cv-00916 (D. Utah) ($19.8MM settlement); *Swain v. Wilmington Tr., N.A.*, No. 17-071 (D. Del.) ($5MM); *Casey v. Reliance Tr. Co.*, No. 18-cv-00424 (E.D. Tex.) ($6.25MM); *Choate v. Wilmington Tr., N.A.*, No. 17-cv-250 (D. Del.) ($19.5MM); *Blackwell v. Bankers Tr. Co.*, No. 18-cv-141 (S.D. Miss.) ($5MM); *Fink v. Wilmington Tr., N.A.*, No. 19-cv-1193 (D. Del.) ($5.5MM); *Godfrey v. GreatBanc Tr. Co.*, No. 18-cv-7918 (N.D. Ill.) ($16.5MM); Ahrendsen v. Prudent Fiduciary Services, 21-cv-2157 (E.D. Pa.) ($8.7MM).

## IV.   CONCLUSION

For these reasons, Plaintiff's claims are well-suited for class certification and his instant motion for certification under Rules 23(a) and 23(b)(1) should be granted.

Dated:     January 31, 2025                 Respectfully submitted,

**BAILEY & GLASSER LLP**

*/s/ Gregory Y. Porter*
Gregory Y. Porter (DC Bar No. 458603)
Ryan T. Jenny (DC Bar No. 495863)
1055 Thomas Jefferson Street, NW, Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com
rjenny@baileyglasser.com

Patrick Muench (IL Bar No. 6290298)
318 W. Adams St., Suite 1512
Chicago, IL 60606
Telephone: (312) 500-8680
Facsimile: (304) 342-1110
pmuench@baileyglasser.com

Laura Babiak (WV Bar No. 13581)
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
lbabiak@baileyglasser.com

**VARNUM LLP**

Perrin Rynders (P38221)
Aaron M. Phelps (P64790)
333 Bridge Street NW Suite 1700
Grand Rapids, MI 49504
Telephone: (616) 336-6000
Facsimile: (616) 336-7000
prynders@varnumlaw.com
amphelps@varnumlaw.com

*Attorneys for Plaintiff Richard N. Bonds*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of January 2025, a copy of the foregoing

document was served on all counsel of record via ECF.

*/s/ Gregory Y. Porter*
Gregory Y. Porter
